No. 10,000.

## CREAGER *v.* LANGFORD.

**EXCEPTIONS.**—*Bill of Exceptions.*—*Supreme Court.*—A motion for a new trial was made and overruled, and no exception thereto appeared in the record save by bill of exceptions, thus: " The defendant moved the court for a new trial, * * and when the same was overruled the judgment heretofore set out in the record was rendered, and the defendant excepted." *Held,* that no exception appeared to the ruling on the motion for a new trial, and no question on that ruling could be made in the Supreme Court.

From the Vigo Circuit Court.

*N. G. Buff, D. T. Morgan, J. T. Pierce* and *W. Eggleston,* for appellant.

*I. N. Pierce, T. W. Harper, S. C. Davis* and *S. B. Davis,* for appellee.

BEST, C.—The appellee brought this action to recover such damages as she alleged that she had sustained by the purchase of a diseased horse from the appellant. Issues were formed, a trial had, and a verdict returned for the appellee. A motion for a new trial was made, overruled, and judgment was rendered upon the verdict.

The appellant assigns as error the ruling of the court upon the motion for a new trial. The appellee insists that no exception was taken to such ruling, and that the record presents no question for decision. At the time the motion for a new trial was overruled, no entry was made that an exception was taken, but sixty days time was given within which to file bills of exceptions, and within that time a bill was filed which, after reciting the evidence and the instructions of the court, contains this statement: "Whereupon the defendant moved the court for a new trial, as heretofore set out in the record, and when the same was overruled the judgment heretofore set out in the record was rendered, and the defendant excepted." This is the only statement in the record that any exception

was taken, and we are of opinion that it does not show an ex-ception taken to the ruling of the court upon the motion for a new trial. It shows that an exception was taken, but to what is not shown. The exception will apply as well to the rendition of the judgment as to the ruling upon the motion. It follows the statement that the judgment was rendered, and in the connection found would seem to apply to such order. Indeed, if the judgment was such as could not have been rendered upon the pleadings, might it not be much more plausibly insisted that such exception applied to the judgment? How-ever this may be, the exception recited does not in terms apply to the ruling upon the motion. It does not follow the ruling, and in this condition of the record we do not think that it appears that an exception was taken to the ruling. In order to predicate an error upon the ruling, it must affirmatively appear that an exception was taken to such ruling; and as this does not appear the record presents no question for decision. The language employed, it is true, is the same employed by Judge BUSKIRK, in his skeleton form of a transcript (Busk. Prac., p. 99); but as that form contains an entry of an excep-tion in the usual way immediately after the ruling upon the motion, we do not think that the language employed at the conclusion of such form was intended, or can be relied upon, to preserve such ruling. For these reasons we are of opinion that the record presents no question for decision, and that the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at appellant's costs.